

50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

October 8, 2020

<u>**VIA ECF**</u>
Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *LGN International, et al. v. Hylan Asset Management, LLC, et al., 20-cv-3185*

Dear Judge Schofield:

On behalf of Defendants Hylan Asset Management, LLC (Hylan), Andrew Shaevel, and Mainbrook Asset Partners I, LLC (Mainbrook), we correspond with the Court in compliance with the Court's Individual Rule III(C)(2) to request leave to file a Motion to Dismiss the Amended Complaint (Dkt. 39), pursuant to Fed. R. Civ. P. 12(b)(3) [improper venue] and 12(b)(6) [failure to state a claim upon which relief can be granted] on behalf of Hylan, Mr. Shaevel, and Mainbrook (hereinafter collectively the "Moving Defendants").

**Procedural Background.** On April 23, 2020, Plaintiffs filed the original complaint in this matter (Dkt. 4). As the Court is aware, on August 4, 2020, Defendants Hylan and Mainbrook filed a pre-motion letter (Dkt. 17) detailing the grounds for their proposed motion to dismiss. Subsequently, on August 7, 2020, the undersigned agreed to accept service on behalf of Defendant Andrew Shaevel. *See* Dkt. 25. Moving Defendants supplemented their pre-motion letter on August 8, 2020 (Dkt. 25). On August 11, 2020, the Court denied Moving Defendants' pre-motion letter seeking leave to file a motion to dismiss without prejudice, and granted Plaintiffs authorization to file an Amended Complaint. Plaintiffs filed an Amended Complaint on September 17, 2020 (Dkt. 39). The following details the grounds for the Moving Defendants' Motion to Dismiss.

**Motion to Dismiss.** The Amended Complaint generally alleges that the Moving Defendants participated in the operation of an unlawful enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 and breached contracts by marketing and selling "phantom debt." *See* Dkt. 4, ¶¶ 37-49, 62-68.

Paragraph 17 of the Complaint alleges that "[v]enue is ... proper for the claims arising under RICO ... because *a substantial part of the events giving rise to the claims occurred in New York, New York.*" (emphasis added). This allegation is utterly false, and the Moving Defendants intend to move to dismiss the Complaint under Fed. R. Civ. Pro. 12(b)(3) for improper venue. The allegations in the Amended Complaint fail to show that "a substantial amount" of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2). Moreover, the allegations in the Complaint fail to show that any of the defendants, including the Moving Defendants, reside, are located in, have an agent, or transact affairs in the Southern District of New York. *See* 18 U.S.C. § 1965(a). Lastly, within the agreements that are the subject of causes of action four and five, Plaintiffs agreed that all disputes arising from the agreements shall be resolved in the Western District of New York, not Southern. Therefore, Plaintiffs have filed this action in the improper venue.

**Dennis C. Vacco** | Partner | dvacco@lippes.com

**New York:** Albany, Buffalo, New York City · **Florida:** Ponte Vedra Beach · **Ontario:** Greater Toronto Area · **Washington, D.C.**



Furthermore, the Moving Defendants are prepared to move to dismiss the entirety of the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.Pro. 12(b)(6).  For causes of action one, two, and three (the RICO causes of action), Plaintiffs fail to establish the existence of an enterprise as well as a pattern of racketeering activity, two essential elements of all three RICO causes of action.  *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 n. 1 (2d Cir.1990).  Indeed, the Complaint fails to establish an enterprise by not providing any information regarding the hierarchy, organization, and activities of the alleged enterprise.  *See Continental Fin. Co. v. Ledwith*, No. 08 Civ. 7272, 2009 WL 1748875, at *5 (S.D.N.Y. June 22, 2009).  Additionally, the Complaint fatally fails to establish a common purpose or relationship structure among the alleged members of the enterprise. *See Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009).

Moreover, the Complaint fails to articulate two allegations of predicate acts amounting to criminal activity. As this Court is aware, to allege a violation of the wire or mail fraud statute, it is necessary to show that defendants formed a scheme or artifice to defraud, that defendants used United States wires or mails or caused use of mails in furtherance of scheme, and that defendants did so with specific intent to defraud. *Polycast Technology Corp. v. Uniroyal, Inc.*, 728 F.Supp. 926 (S.D.N.Y.1989). And importantly, where, as here, a civil RICO claim is predicated on acts of fraud, a plaintiff must comply with Fed. R. Civ. P. 9(b)'s requirement to plead with particularity. *See Anctil v. Ally Financial, Inc.*, 998 F.Supp.2d 127, 142 (S.D.N.Y. 2014) (citing *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172–73 (2d Cir. 1999)); *see also Plount v. Am. Home Assurance Co.*, 668 F.Supp. 204, 206 (S.D.N.Y. 1987) ("[A]ll of the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions."). Specifically, "[a]llegations of predicate mail and wire fraud acts 'should state the contents of the communications, who was involved, ... where and when they took place, and ... explain why they were fraudulent. " *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 185 (2d Cir. 2008) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993)).  But the Complaint here is deficient in every respect.

For cause of action two specifically, the Complaint also fails to allege how proceeds from the alleged racketeering activity were reinvested or how that *reinvestment* injured Plaintiffs. *See Azurite Corp. v. Amster & Co.*, 730 F. Supp. 571, 579 (S.D.N.Y. 1990). And in turn, once this Court dismisses the first and second causes of action, this Court must dismiss the conspiracy claim within the third cause of action, too. *Nat'l Grp. for Commc'ns and Computs. Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253, 272 (S.D.N.Y. 2006) (A RICO "conspiracy claim must be dismissed where the substantive RICO claim is deficient.").

Further, once the RICO causes of action are dismissed, namely causes of action one, two, and three, this Court lacks supplemental jurisdiction over the breach of contract claims within causes of action four and five under 28 U.S.C. § 1367(a) and should dismiss the same.  *See* 28 U.S.C. § 1367(c)(3).

In light of the foregoing, the Moving Defendants respectfully request permission to move for dismissal of the Complaint in its entirety with prejudice.  As this Court is aware, after Moving Defendants filed their first letter requesting leave to file a motion to dismiss (Dkt. 17), the Court denied the same without prejudice, permitting Plaintiffs to file an amended complaint. Dkt. 33. Stated plainly, Plaintiffs have utterly failed to remedy the Complaint's deficiencies. Notably, no amount of amending will remedy Plaintiffs' failure to file in the proper venue in particular.



The Moving Defendants are prepared to file the subject Motion to Dismiss within three (3) days of the Court's granting of leave to file. Moving Defendants respectfully recommend that Plaintiffs have thirty (30) days to respond to said motion, and that the Moving Defendants have fifteen (15) from the date of Plaintiffs' submission to file a reply.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

Dennis C. Vacco, Esq.

cc:      Anna Val, Esq.