# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

LGN INTERNATIONAL, LLC, and,
PRUDENT INVESTIMENTOS LTDA,

                                                                                                                             No. 20-cv-3185-LGS

                     Plaintiffs,

          - against -

HYLAN ASSET MANAGEMENT, LLC,
ANDREW SHAEVEL,
BAHAMAS MARKETING GROUP,
JOEL TUCKER,
SQ CAPITAL, LLC,
JT HOLDINGS, INC.,
HPD LLC,
HIRSCH MOHINDRA, and
MAINBROOK ASSET PARTNERS I, LLC,

                     Defendants.
--------------------------------------------------------------------------- x

## SWORN DECLARATION OF ANDREW SHAEVEL

      I, ANDREW SHAEVEL, declare under penalty of perjury, under the laws of the United States of America that, to the best of my knowledge and belief, the following information is true and correct:

      1.     I am the former Chief Executive Officer of Hylan Asset Management, LLC (Hylan) and Mainbrook Asset Partners I, LLC (Mainbrook).  Neither entity directly collected debt; rather, both entities placed debt with debt collectors who directly collected debt from consumers.

      2.     On November 4, 2019, the New York State Secretary of State approved a name change for Hylan and the successor LLC was subsequently dissolved on May 14, 2020.  Similarly, on or about January 21, 2020, the Certificate of Cancellation was filed with the Delaware Secretary

of State causing the official dissolution of Mainbrook.  Accordingly, both Hylan and Mainbrook are inactive.

3.  I am unaware of any business that Hylan or Mainbrook transacted in the Southern District of New York.  On one or two occasions, I spoke to financial and legal professionals in Manhattan about a technology platform unrelated to Plaintiffs' allegations, but did not enter into any engagements or agreements as a result of these conversations.

4.  I have been in Manhattan several times for personal reasons.  I am unaware of any business that I have personally transacted in the Southern District of New York, other than recreational transactions.

5.  To my knowledge, all transactions between Hylan and Plaintiff LGN International, LLC (LGN) took place in Amherst, New York, within the Western District of New York, and Florida.

6.  My communications with LGN included communications with Jacob Gitman, the registered principal of LGN, and Dennis Klemming.  At the time of our communications, both Mr. Gitman and Mr. Klemming resided in Florida, and all meetings took place in Florida.  Mr. Gitman and Mr. Klemming represented to me that LGN was headquartered in Florida.

7.  As evinced by Exhibit 2, LGN has been registered in Florida since November 2, 2015.  I searched the New York State Secretary of State website.  LGN does not appear to be registered in New York State.

8.  To my knowledge, all transactions between Mainbrook and Prudent Investimentos LTDA took place in Amherst, New York, within the Western District of New York, Florida, and Brazil.

9. None of the consumers within the subject debt portfolios were associated with known addresses within New York State.

10. Paragraph 62 of the Amended Complaint (Dkt. 39) alleges that "on or about May 26, 2016, Hylan and Shaevel entered into a participation agreement with LGN...." Paragraph 10(k) of this participation agreement contains a forum selection clause that reads:

> The Parties hereby agree that all disputes arising out of or relating to this Agreement shall be resolved in the state or federal courts located in the State of New York, *County of Erie*, and the Parties hereby consent to the jurisdiction of such courts in connection with *any* action or proceeding initiated concerning or arising from this Agreement. (emphasis added).

11. Paragraph 66 of the Amended Complaint (Dkt. 39) alleges that "on November 27, 2015, Prudent Investimentos entered into a receivable purchase and sale agreement with Mainbrook...." Paragraph 11(k) of this participation agreement contains a forum selection clause that reads:

> The Parties hereby agree that all disputes arising out of or relating to this Agreement shall be resolved in the state or federal courts located in the State of New York, *County of Erie*, and the Parties hereby consent to the jurisdiction of such courts in connection with *any* action or proceeding initiated concerning or arising from this Agreement. (emphasis added).

DATED:     November  12 , 2020

_____
ANDREW SHAEVEL