```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LGN INTERNATIONAL, LLC, et al.,                             :
                                        Plaintiffs,         :
                                                            :           20 Civ. 3185
              -against-                                     :
                                                            :        OPINION AND ORDER
HYLAN ASSET MANAGEMENT, LLC, et al.,                        :
                                        Defendants.         :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs LGN International, LLC ("LGN") and Prudent Investimentos LTDA ("Prudent") bring this action alleging that Defendants fraudulently induced Plaintiffs to pay $2,500,000 in exchange for debts that do not exist ("phantom debt"), in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Second Amended Complaint ("Complaint") also includes fraud, conspiracy to defraud, fraudulent inducement and unjust enrichment claims based on Defendants' alleged racketeering. Defendants Hylan Asset Management, LLC ("Hylan"), Andrew Shaevel and Mainbrook Asset Partners I, LLC ("MAP I") (collectively, "Defendants") move to dismiss the Complaint for improper venue and failure to state a claim. For the reasons stated below, Defendants' motion to dismiss for improper venue is denied and the case is transferred to the United States District Court for the Western District of New York. The motion to dismiss for failure to state a claim is denied without prejudice to renewal.

I.    BACKGROUND

Unless otherwise stated, the following facts are taken from the Complaint and are assumed to be true only for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

Since around 2014, Defendants Shaevel, Hirsh Mohindra, Joel Tucker and Hylan have sold phantom debt consisting of (1) counterfeit debts fabricated from misappropriated information about consumers' identities and finances and (2) "autofunded" payday loans that were issued without the borrowers' consent or knowledge. Hylan, which is owned by Shaevel, is a debt broker that places debts for contingency collection or sells them outright. Hylan obtained phantom debt from Mohindra and Tucker, who formerly ran a payday lending operation. Tucker used his position in the payday lending industry to acquire consumers' sensitive financial information and packaged that information as "debts" for sale to third-party debt collectors. Tucker promoted phantom debt under the names "Bahamas Marketing Group" and "BMG," and sold it to Mohindra, who in turn sold it to Hylan. In March 2014, Hylan began making telephone calls and sending emails to promote and sell this BMG phantom debt.

Hylan received complaints regarding, and requests for additional information about, the phantom debt. Hylan refused to provide basic information or to refrain from selling additional BMG debt. On July 10, 2015, Shaevel formed Mainbrook Capital, LLC ("Mainbrook Capital"), a joint venture between Hylan and Mohindra's company Ashton Asset Management, LLC. Mainbrook Capital then formed two wholly-owned subsidiaries: Mainbrook Asset Partners, LLC ("MAP") and MAP I. Shaevel and Hylan transferred BMG debt to Mainbrook Capital, through which Shaevel and Mohindra began shopping the BMG portfolios including phantom debt.

In January 2016, Shaevel and Mohindra sold phantom debt to Prudent. They represented that MAP owned certain financial accounts with an aggregate outstanding balance approximately equal to $166,666,667.00 and sold these accounts and other BMG debt to Prudent for a total of $2,000,000.00. Prudent wired the money to the Bank of America located at 100 West 33rd Street, New York, NY 10001, to an account held by MAP I. Until March 2016, Mohindra and Shaevel

2

coordinated debt collection on behalf of Prudent and used phantom debt collectors like Worldwide Processing, which is operated by Frank A. Ungaro, Jr., to do so.  In May 2016, Shaevel, through his company Hylan Debt Fund, LLC also sold phantom debt to LGN for a total purchase price of $550,000.00.  Both the purchase agreement between MAP I and Prudent and the purchase agreement between Hylan Debt Fund, LLC and LGN provide that "all disputes arising out of or relating to th[e] Agreement shall be resolved in the state or federal courts located in the State of New York, County of Erie," which is within the federal judicial district of the Western District of New York.

Based on the allegations in the Complaint and assertions in the Declaration of Frank A. Ungaro,[1] none of the Defendants reside in this district.

- Hylan is a New York corporation with its registered address and principal place of business in Amherst, New York, which falls within the Western District of New York.

- Shaevel resides in Amherst, New York.

- Bahamas Marketing Group is a Kansas corporation with an address in Kansas.

- Tucker resides in Kansas.

- SQ Capital, LLC is a Missouri limited liability company with an address in Kansas.

- JT Holding, Inc. is a Kansas corporation.

- HPD LLC is a Wyoming limited liability company with an address in Wyoming.

- Mohindra resides in Illinois.

---

[1] A court may consider materials outside the four corners of the complaint when evaluating venue.  *N-N v. Mayorkas*, No. 19 Civ. 5295, 2021 WL 1997033, at *5 (E.D.N.Y. May 18, 2021).

- MAP I is a Delaware limited liability company with an address in Delaware.

- Worldwide Processing Group, LLC is a New York limited liability company with its principal place of business in Hamburg, New York, which is within the Western District of New York.

- Hylan Debt Fund, LLC is a Delaware limited liability company.

- Bobalaw Ventures maintains an office in Amherst, New York.

- Although the Complaint alleges that Ungaro resides in this district, in a sworn Declaration, Ungaro declares that he resides in Hamburg, New York.

The Complaint alleges that Defendants Hylan, Shaevel, Tucker, SQ Capital, Worldwide Processing and Ungaro transact or have transacted business in this district but does not provide any specific facts to support these allegations.

**II.   STANDARD**

A Rule 12(b)(3) motion to dismiss for improper venue allows for "dismissal only when venue is 'wrong' or 'improper.'  Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013); *accord Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*, 509 F. Supp. 3d 38, 49 (S.D.N.Y. 2020).   Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

U.S.C. § 1391(b).

- MAP I is a Delaware limited liability company with an address in Delaware.

- Worldwide Processing Group, LLC is a New York limited liability company with its principal place of business in Hamburg, New York, which is within the Western District of New York.

- Hylan Debt Fund, LLC is a Delaware limited liability company.

- Bobalaw Ventures maintains an office in Amherst, New York.

- Although the Complaint alleges that Ungaro resides in this district, in a sworn Declaration, Ungaro declares that he resides in Hamburg, New York.

The Complaint alleges that Defendants Hylan, Shaevel, Tucker, SQ Capital, Worldwide Processing and Ungaro transact or have transacted business in this district but does not provide any specific facts to support these allegations.

**II.   STANDARD**

A Rule 12(b)(3) motion to dismiss for improper venue allows for "dismissal only when venue is 'wrong' or 'improper.'  Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013); *accord Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*, 509 F. Supp. 3d 38, 49 (S.D.N.Y. 2020).   Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

U.S.C. § 1391(b).

In addition, for RICO claims, venue is governed by RICO's "venue and process" section, 18 U.S.C. § 1965(a), which states that an action "may be instituted in the district court of the United States for any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Where venue is based on transacting business within the district, "the business must be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district." *Pincione v. D'Alfonso*, 506 Fed. App'x 22, 24 (2d Cir. 2012) (summary order) (internal citation and quotation marks omitted); *accord Milton v. Wazed*, No. 16 Civ. 4542, 2018 WL 2074179, at *8 (E.D.N.Y. Mar. 30, 2018). Plaintiffs bear the burden of establishing that venue is proper. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Nat. Union Fire Ins. Co. of Pittsburgh, Pa.*, 509 F. Supp. 3d at 49.

With respect to the RICO claims Plaintiffs may allege venue under either RICO's venue and process section or one of the three sections of the federal venue statute, but with respect to Plaintiffs' remaining claims the federal venue statute governs. *See Lama v. New Century Found.*, No. 19 Civ. 2169, 2019 WL 7599899, at *5 (S.D.N.Y. Oct. 10, 2019). Because whether venue is proper depends exclusively on federal venue laws, a forum selection clause in a contract is not a proper ground for dismissal pursuant to Rule 12(b)(3). *Atl. Marine Const. Co.*, 571 U.S. at 52, 55 (explaining that a forum selection clause can be enforced through a motion to transfer); *accord Parness v. Eplus, Inc.*, No. 20 Civ. 7266, 2021 WL 827770, at *2 (S.D.N.Y. Mar. 4, 2021) (declining to dismiss claims pursuant to Rule 12(b)(3) but transferring the case to the Eastern District of Virginia where a relevant agreement provided it was to be "construed under the laws of Virginia and resolved exclusively in courts in Virginia").

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *accord Tasciotti v. Trew*, No. 20 Civ. 6661, 2021 WL 2456910, at *1 (S.D.N.Y. June 16, 2021). Even if venue is proper, a district court may transfer an action "[f]or the convenience of the parties and witnesses," and "in the interest of justice." 28 U.S.C. §1404(a).

When determining whether to transfer a case, courts ask two questions: first, "whether the action could have been brought in the proposed transferee forum," and second, whether, based on "private-interest and public-interest considerations," transfer is appropriate. *Parness*, 2021 WL 827770 at *1; *accord Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 292 (S.D.N.Y. 2018). If the action could have been brought in the proposed transferee forum, courts consider whether transfer is appropriate by evaluating "private-interest and public-interest considerations," including: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am. Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Courts sometimes consider two additional factors -- "(8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice." *Parness*, 2021 WL 827770 at *2. "No one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." *Casey*, 338 F. Supp. 3d at 292. "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of

convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *accord Nuss v. Guardian Life Ins. Co. of Am.*, No. 20 Civ. 9189, 2021 WL 1791593, at *2 (S.D.N.Y. May 5, 2021).

## III.   DISCUSSION

### A. Venue

Venue is improper in this district.  First, venue is not proper pursuant to the general federal venue statute.  *See* 28 U.S.C. § 1391(b).  None of the Defendants reside in this district.  In addition, the Complaint does not allege facts sufficient to show that a substantial part of the events giving rise to the claims occurred within this district.  The only specific alleged fact tying the events underlying the claims to this district is Prudent's wire transfer to a MAP I bank account at a Bank of America location in Manhattan.  MAP I contends that it "has never maintained an account in New York City."  Even if the wire transfer allegation is true, it is not enough to support a finding that a *substantial* part of the events giving rise to the claims occurred within the Southern District of New York.  *See Gates v. Wilkinson*, No. 1 Civ. 3145, 2003 WL 21297296, at *2 (S.D.N.Y. June 4, 2003) (finding that defendants' brokerage accounts within the district were insufficient to show venue was proper).

Second, venue is improper pursuant to the RICO venue and process section, 18 U.S.C. § 1965(a).  As explained above, none of the Defendants reside in this district.  In addition, the Complaint does not allege specific facts to support a finding that the Defendants substantially transacted business within this district.  Conclusory allegations that Hylan, Shaevel, Tucker, SQ Capital, Worldwide Processing and Ungaro transact or have transacted business in this district are insufficient, as is the wire transfer allegation described above.  *See, e.g., Pincione*, 506 Fed. App'x at 24 (finding that defendants' contacting the plaintiff while he was in New York was

insufficient to constitute transacting business under the RICO venue statute); *Lama*, 2019 WL 7599899, at *6 (finding that venue was improper under RICO where "the Complaint broadly allege[d] that all Defendants have transacted business throughout the United States, including in this district, but . . . provided no factual allegations to support this bare statement") (internal citation omitted).

### B. Transfer

Even if venue were proper in this district, this case is transferred to the Western District of New York for the convenience of the parties and witnesses and in the interest of justice. *See, e.g., Kaul v. Murphy*, No. 21 Civ. 439, 2021 WL 1601149, at *2 (Dist. Conn. Apr. 23, 2021) ("Even if venue were proper here, however, the Court may transfer claims '[f]or the convenience of the parties and witnesses, in the interest of justice.'") (citing 28 U.S.C. § 1404(a)). While none of the Defendants reside in this district, half of the Defendants reside or are located in the Western District of New York. Potential witnesses, including former employees, and relevant documents also are located in the Western District of New York. *See Chan v. iSpot, Inc.*, No. 20 Civ. 8222, 2021 WL 2480881, at *3 (S.D.N.Y. 17, 2021) (explaining that "[t]he convenience of the witnesses is generally considered the most important factor"). An assessment of the locus of operative facts also supports transfer. Some of the transactions at issue took place in Amherst, New York, and the two purchase agreements leading to Plaintiffs' alleged injury state that "all disputes arising out of or relating to th[e] Agreement shall be resolved in the state or federal courts located in the State of New York, County of Erie." *See, e.g.*, *Parness*, 2021 WL 827770, at *2.

Plaintiff's request for discovery, "if the venue is not clear" is denied. As discussed above, venue in this District is improper, and even if it were not, the facts in the record (including those

alleged in the Complaint) support discretionary transfer. Plaintiff has not made any showing that the discovery it seeks is "likely to uncover additional facts" that could support a finding that the transactions at issue took place primarily in this District, or that Defendants conduct substantial business in this District. *See, e.g.*, *NetSoc, LLC v. Chegg Inc.,* No. 18 Civ. 10262, 2019 WL 4857340, at *4 (S.D.N.Y. Oct. 2, 2019) (internal quotation marks omitted) (applying this standard to deny venue discovery). Even if venue were proper because one of the members of the limited liability company Defendants was a citizen of New York, *see* 28 USC 1391(c)(2); *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 376 (W.D.N.Y. 2018), discretionary transfer nevertheless would be appropriate.

### IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss for improper venue is DENIED, and this case is TRANSFERRED to the United States District Court for the Western District of New York. The motion to dismiss for failure to state a claim is DENIED without prejudice.

The Clerk of Court is respectfully directed to close the motion at Docket No. 52.

Dated: August 9, 2021
 New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE